Bruff *v.* Leder.

Court, preceded by a statement that they were offered in evidence on the trial. This, however, does not make them a part of the record in this case. See *Corey* v. *Russell*, 3 Gilm. 366; *Saunders* v. *McCollins*, 4 Scam. 419.

EBENEZER BRUFF, appellant, *v.* JACOB LEDER, appellee.

*Appeal from Madison.*

In order to do complete justice and avoid a multiplicity of suits, all persons must be made parties who have any substantial interest in the subject matter of the controversy, and whose rights are to be materially affected by the decree.

BILL IN CHANCERY for a specific performance, &c. in the Madison Circuit Court, filed by the appellee against the appellant and one David Brown. The complainant, during

the course of the proceedings, dismissed the bill as to Brown. At the March term, 1848, the Hon. Gustavus P. Koerner presiding, a special decree was rendered against Bruff only, who thereupon appealed to this Court.

*G. Trumbull*, and *J. Gillespie*, for the appellant.

Brown should have been made a party to the decree in this case. 1 Story's Eq. Pl. §§ 72, 81, 169, 174; 4 Scam. 426.

*W. Martin*, for the appellee.

The Opinion of the Court was delivered by

TREAT, C. J.* Articles of agreement were entered into between Leder of the one part, and Bruff and Brown of the other part, by the terms of which, the former was to erect a house for the latter, and they were, on the completion of the building, to execute a bond with sufficient sureties, or a mortgage on the house and lot to secure the payment of a part of the price in three annual instalments.

Leder filed a bill in Chancery against Bruff and Brown for the specific execution of the agreement on their part. He afterwards dismissed the bill as to Brown. Bruff answered the bill, and various depositions were taken. On the hearing, the Court decreed that Bruff should execute notes with good security for the payment of the instalments according to the terms of the agreement, and in default thereof, that the house and lot be sold to pay the same.

The complainant committed a fatal error in dismissing the bill as to Brown. In Equity, in order to do complete justice and avoid a multiplicity of actions, all persons must be made parties who have any substantial interest in the subject matter of the controversy, and whose rights are to be materially affected by the decree. *Spear* v. *Campbell*, 4 Scam. 424. Brown was a necessary party. He is so connected with the subject matter of the suit, that the decision

---

*TRUMBULL, J. having been of counsel in this case, took no part in the decision.

must necessarily affect his interests. He is a party to the agreement, and as such, equally interested with Bruff in requiring performance on the part of Leder; and jointly liable with Bruff for the payment of the stipulated compensation. He has an undoubted right to resist the application to enforce that liability, and a direct interest in stating an account under the contract. By the terms of the agreement, it is optional with Bruff and Brown to give real or personal security for the payment of the deferred instalments. Brown has the right to elect as to the character of the security to be given. The excuse for not retaining him as a defendant is, that he is insolvent, and the title to the property is in Bruff. He may be insolvent, and still in conjunction with Bruff be able to give the security; and although the legal estate may be in Bruff, he may have a beneficial interest in the property. At all events, he should be permitted to controvert the allegations of the complainant, and show that he is not entitled to the relief sought by the bill.

The decree of the Circuit Court is reversed with costs; and the cause is remanded for further proceedings, with leave to the complainant to amend his bill by making new parties.

*Decree reversed.*